**Thomas R. YANDELL and Dorothy S. Yandell, husband and wife,**
**Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18296.**

United States Court of Appeals
Ninth Circuit.
March 19, 1963.

Hutchinson, Schwab & Burdick, Dwight L. Schwab and Denton G. Burdick, Jr., Portland, Or., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, William A. Friedlander and C. Moxley Featherston, Attys., Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before POPE, HAMLEY and MERRILL, Circuit Judges

## PER CURIAM.

Appellants brought this action in the court below seeking recovery and refund of individual income taxes for the calendar year 1958. A deficiency had been determined based upon the claim of the Commissioner of Internal Revenue that a certain sum of $15,000, agreed to be paid under a contract accomplishing dissolution of a partnership, should be taxed as ordinary income, whereas the taxpayers had reported the same as capital gains.

Yandell and Clarke had been engaged for some years as partners in the advertising and publishing business in Portland, Oregon. The partners fell out, agreed to dissolve the partnership, and entered into a written agreement whereby Clarke agreed to buy out Yandell for 25 percent of book value of assets (exclusive of balance sheet good will) plus the accounts receivable. Several drafts of an agreement were drawn and successively modified before the final signed agreement was executed. Some of the earlier drafts provided for a sale of the good will of the business, the price therefor to be determined by arbitrators, but made no mention of any covenant by Yandell not to compete with Clarke. In the later drafts there was inserted a "covenant not to compete" and in the final draft, which the parties executed, it was provided that Clarke would pay Yandell the sum of $15,000 for this covenant.

If this was the real agreement then the $15,000 paid would be ordinary income while Clarke would obtain a tax advantage through amortizing the sum thus paid over the period of three years during which the agreement not to compete would be in effect. Both parties were advised and knew of these possible tax consequences although Yandell was also advised by counsel that for tax purposes he would not necessarily be bound by the contract's recital as to the purpose of this payment.

In this action Yandell contends that since there was substantial good will attached to the business sold to Clarke, that the labeling of the $15,000 payment as one having been paid for the covenant not to compete, should be disregarded for tax purposes; that in truth and actual fact he, Yandell, was selling good will and Clarke was buying it and hence the sum paid, or at least some part of it, should have been found to have been paid for good will, in which case the sum received would be entitled to capital gains treatment.

For the purposes of this case we assume that in order to determine proper payments of income tax the courts may look behind a contract such as this and that its form does not necessarily control. See Schulz v. C. I. R., 9 Cir., 294 F.2d 52, Annabelle Candy Company v. Commissioner, 9 Cir., 314 F.2d 1, (1962).[1] All that we need to note in this case is that the trial court, after hearing all of the witnesses and examining all of the evidence presented, filed its opinion reported in 208 F.Supp. 306, which it designated as its findings, in which it made the following statement with respect to the facts in this case: "A witness's testimony, such as Yandell's, in direct conflict with the provisions of a written instrument is of little weight. Flynn v. Crume, 7 Cir., 1939, 101 F.2d 661. On all of the evidence in the case, I find that the receipt by the plaintiffs of the sum of

---

1. Nor do we find it necessary to determine the validity of the Government's contention that while the Commissioner, as in the Schulz case, may look behind the terms of the contract to determine the true nature of the agreement, an individual taxpayer may not do so.

"$15,000, mentioned in paragraph 6 of the pretrial order, was in payment to plaintiffs of a covenant not to compete and was not for the sale of a capital asset."

This was a finding of fact that the actual and true agreement of the parties was as stated in the final written agreement and not otherwise. In our view that finding of fact is not clearly erroneous and supports the judgment of the trial court. The judgment is affirmed.